**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**FILED

December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **K.H., J.H., R.H., and M.O.**

**No. 20-0447** (Mercer County 18-JA-62-MW, 18-JA-63-MW, 18-JA-64-MW, and 18-JA-197-MW)

**MEMORANDUM DECISION**

Petitioner Mother J.O., by counsel John G. Byrd, appeals the Circuit Court of Mercer County's March 31, 2020, order terminating her parental rights to K.H., J.H., R.H., and M.O.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, Patricia Kinder Beavers, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to comply with West Virginia Code § 49-4-604 (2019)[2] and make the findings required for termination of parental, custodial, and guardianship rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court below erred in failing to make sufficient findings of fact and conclusions of law necessary to terminate petitioner's parental, custodial, and guardianship rights. Accordingly, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

Because petitioner's assignment of error on appeal presents a purely legal issue, it is unnecessary to set forth a protracted statement of facts in this matter. The DHHR filed a petition

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Subsequent to the entry of the order on appeal, West Virginia Code § 49-4-604 underwent a revision. In this memorandum decision, we will reference the version in effect at the time the circuit court entered the dispositional order on appeal.

1

alleging abuse and neglect against petitioner in March of 2018. During the proceedings, petitioner stipulated to the allegations in the petition and a later-filed amended petition, which concerned domestic violence and failure to properly supervise and care for the children. The circuit court also granted petitioner a post-adjudicatory improvement period. The record shows that petitioner complied with this improvement period at various times below, resulting in an extension and, eventually, the granting of a post-dispositional improvement period. However, in January of 2020, the DHHR filed a motion to terminate petitioner's parental rights, alleging she failed to comply with the terms and conditions of her improvement period. That same month the court held a dispositional hearing, but it was continued because of the DHHR's failure to timely file a family case plan.

Ultimately, the court held a final dispositional hearing in March of 2020, during which the parties presented evidence in support of their positions as to the proper dispositional alternative. Following the presentation of evidence, the circuit court terminated petitioner's parental, custodial, and guardianship rights. However, the record shows that the circuit court made no findings of fact or conclusions of law in support of this disposition. On the record, the court made only the following finding: "Alright. Based upon the evidence presented, the court does find that it's appropriate to terminate the parental, custodial and guardianship rights of both parents." Similarly, the circuit court's order terminating petitioner's parental rights was devoid of factual findings, simply concluding as follows:

Upon consideration of the matter presented and argument of counsel, this [c]ourt FINDS and concludes, in the best interest of the children that:

The Department is making reasonable efforts towards finalizing the permanency plan for these infant children, specifically adoption.

WHEREFORE, it is hereby ORDERED that:

The parental, custodial, and guardianship rights of [petitioner] . . . be terminated.

It is from the dispositional order that petitioner appeals.[3]

On appeal, petitioner argues that the circuit court erred in terminating her parental, custodial, and guardianship rights because it failed to follow any of the requirements for such termination. In support, petitioner cites to West Virginia Code § 49-4-604(b)(6) (2019), which, in relevant part, permits the following:

*Upon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future* and, when necessary for

---

[3]The father's parental rights were also terminated. The permanency plan for the children is adoption in their current foster home.

the welfare of the child, [a circuit court may] terminate the parental, custodial and guardianship rights and responsibilities of the abusing parent . . . .

(Emphasis added).

This Court has routinely held that a finding that there is no reasonable likelihood that the parent can substantially correct the conditions of abuse and neglect in the near future and factual findings in support are absolutely necessary to terminate a parent's parental, custodial, and guardianship rights under this statute:

> Where a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion, and fails to state statutory findings required by West Virginia Code § [49-4-604(b)(6) (2019) ] . . . on the record or in the order, the order is inadequate.

Syl. Pt. 4, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001). And, we have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009). Here, the court failed to conclude that there was no reasonable likelihood of such remediation, let alone make factual findings in the order or on the record supporting such conclusion, which constitutes a substantial disregard or frustration of the statute governing dispositions.

On appeal, the DHHR concedes that the order does not make a finding as to the reasonable likelihood of remediation, but nonetheless asks this court to infer that the court agreed with its position below on the issue, given that the court heard the DHHR's arguments and ultimately terminated petitioner's rights. This argument is unavailing, given our general rule that a lower court's order "must be sufficient to indicate the factual and legal basis for the [court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996). Here, the court made no factual findings that can be reviewed on appeal, and we decline to accept the DHHR's position that this Court could infer such reasoning when none is apparent from the record.

The DHHR further relies on dicta from a recent opinion, wherein this Court, in affirming an order denying post-termination visitation in an abuse and neglect proceeding, noted as follows:

3

> While we agree that the evidence supports the circuit court's denial of post-termination visitation, we are concerned by the brief, one-page order entered by the circuit court on the post-termination visitation motion. Had the evidence been less than overwhelming in this matter, a remand for a more detailed order would have been appropriate.

*In re S.L.*, -- W. Va. --, -- S.E.2d --, 2020 WL 5753349, at *8 n.9 (2020). The DHHR fails to recognize, however, that this language related to an order denying post-termination visitation, not the specific requirements under West Virginia Code § 49-4-604(b)(6) (2019) required for termination of parental, custodial, and guardianship rights. As such, we do not find this language instructive.

Additionally, petitioner argues that the circuit court failed to make other findings required by West Virginia Code § 49-4-604(b)(6)(C) (2019), which provides as follows:

> The court order shall state:
> (i) That continuation in the home is not in the best interest of the child and why;
> (ii) Why reunification is not in the best interests of the child;
> (iii) Whether or not the department made reasonable efforts, with the child's health and safety being the paramount concern, to preserve the family, or some portion thereof, and to prevent the placement or to eliminate the need for removing the child from the child's home and to make it possible for the child to safely return home, or that the emergency situation made those efforts unreasonable or impossible; and
> (iv) Whether or not the department made reasonable efforts to preserve and reunify the family, or some portion thereof, including a description of what efforts were made or that those efforts were unreasonable due to specific circumstances.

We agree that the circuit court failed to meet these requirements as well. While the court did cursorily conclude that termination of petitioner's parental rights was in the children's best interest, it made no finding—in an order or on the record—as to why termination served this interest. It additionally did not address whether the DHHR made reasonable efforts to preserve the family or for the children to return home, instead focusing on the DHHR's reasonable efforts to have the children adopted. As such, the order on appeal clearly failed to satisfy the requirements necessary to terminate petitioner's rights.

Similar to those arguments advanced by the DHHR, the guardian's argument in support of the circuit court's order is untenable and urges this Court to affirm the sufficiency of the dispositional order by looking to findings made in earlier orders. We reject this argument, given that Rule 36 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings requires that the circuit court make the findings "in accordance with the provisions of W. Va. Code § 49-4-604," that they be made "[*a*]*t the conclusion of the disposition hearing*," and that they be included in the dispositional order. (Emphasis added). Based on the plain language of Rule 36 and West Virginia Code § 49-4-604, it is clear that the guardian's argument concerning findings made as remotely as the "Order Upon Filing of Petition After Ratification of Emergency Custody" on March 1, 2018, is simply insufficient to support the March 31, 2020, dispositional order.

Because the circuit court failed to make the findings necessary not only to terminate petitioner's parental, custodial, and guardianship rights, but also to ensure sufficient appellate review, we vacate, in part, the circuit court's March 31, 2020, dispositional order and remand the matter with instructions to forthwith issue a new order containing the findings of fact and conclusions of law necessary to terminate these rights, if appropriate.[4] The Clerk is hereby directed to issue the mandate contemporaneously herewith.

For the foregoing reasons, the circuit court's March 31, 2020, order is hereby vacated, in part, and the case is remanded for further proceedings.

Vacated, in part, and Remanded.

**ISSUED**: December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[4]We note that this ruling does not affect the circuit court's termination of the father's parental rights. Although the same order on appeal terminated the father's rights, he did not timely appeal the same. As such, this Court's vacation of the order on appeal does not apply to that portion of the order related to the father, and the termination of his parental, custodial, and guardianship rights is unaffected by this memorandum decision.

5